IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 DEC 16  AM 8: 36

THOMAS M. GOULD
CLERK, U.S. DIST. OF COURT
W.D. OF ___ PHIS

MID-SOUTH CHAPTER OF PARALYZED
VETERANS OF AMERICA, KEITH MORRIS,
CARL FLEMONS, TOM HAFFORD, and
LARRY HALE

   Plaintiffs,

v.

             NO.  04-CV-2353 Ml/V

NEW MEMPHIS PUBLIC BUILDING
AUTHORITY OF MEMPHIS & SHELBY
COUNTY, CITY OF MEMPHIS, TENNESSEE,
and HOOPS, L.P.

   Defendants.

NEW MEMPHIS ARENA PUBLIC BUILDING
AUTHORITY OF MEMPHIS & SHELBY
COUNTY,

   Defendant and Third-Party Plaintiff,

v.

ELLERBE BECKET, INC.,

   Third-Party Defendant.

---

## CONSENT ORDER OF DISPOSITION

I.

## INTRODUCTION

WHEREAS this action was brought by Plaintiffs, Mid-South Chapter of Paralyzed

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 12-16-05



Veterans of America, Keith Morris, Carl Fleming, Tom Hafford, and Larry Hale, alleging certain violations of Title II and Title III of the Americans with Disabilities Act (hereinafter "ADA") regarding wheelchair seating at the FedEx Forum;

WHEREAS, in order to settle the controversy without the necessity of costly litigation, Plaintiffs, and Defendants New Memphis Arena Public Building Authority of Memphis and Shelby County ("PBA"), the City of Memphis, and Shelby County, Tennessee, have agreed to settle the issues raised in the Complaint; and,

WHEREAS the Court, having been fully advised of the premises of settlement, having conferred with counsel, and having reviewed and considered the equities of the matters contained herein, is satisfied that this Consent Order has been fully agreed to by the parties and is adequate to secure the alleged rights of Plaintiffs.

NOW THEREFORE, without adjudication of any issue of fact or law herein, with consent of the parties hereto, the parties do bind themselves, their agents, employees, officers, successors, members and all persons acting on their behalf. All parties understand that by agreeing to the issuance of the Consent Order, they waive a hearing, as well as findings of face and conclusions of law, on any issues raised by the pleadings in this matter.

Note: references to the Defendants herein include Defendants PBA, City of Memphis, and Shelby County, Tennessee. The Memphis and Shelby County Sports Authority agrees to be bound by and abide to the terms of this Order and settlement as evidenced by the signature hereinbelow of the Sports Authority's Chairman.

2

II.

## PARTIES COVERED BY ORDER

Defendant New Memphis Arena Public Building Authority ("PBA") of Memphis and Shelby County, Tennessee, is a public corporation established pursuant to Tennessee Code Annotated §12-10-101 *et seq.*, which acquired and became owner in fee simple of real estate known as the FedEx Forum.

Defendants City of Memphis, Tennessee and Shelby County, Tennessee leased from the PBA the FedEx Forum and then subleased to the Shelby County Sports Authority ("Sports Authority") the master lease to use and operate the FedEx Forum.

The Shelby County Sports Authority is a non-profit corporation created for the purposes of furthering the public good by establishing, owning, leasing, acquiring, and operating arenas and similar sports facilities in Memphis and Shelby County, Tennessee.

The Sports Authority, PBA, City of Memphis, and Shelby County, desire to settle this action and to be bound by this Order.

III.

## WHEELCHAIR SEATING

Pursuant to the ADA, the Attorney General has promulgated regulations to carry out the provisions of Title II and III of the ADA, including new construction and alterations (hereinafter referred to as "Standards" and also referred to as "ADAAG"). The Standards address the minimum number of wheelchair locations required throughout a facility such as the FedEx Forum. In an assembly area the size of the FedEx Forum Section 4.1.3(19) of the standards

3

provide there shall be at least six [6] wheelchair locations for the first five hundred [500] fixed seats and one [1] additional wheelchair location for each additional one hundred [100] fixed seats.

For most of the wheelchair seating at the FexEx Forum, "demountable and portable" platforms are utilized.  Defendants agree that they will not remove nor permit the removal for any event at the FedEx Forum any of the demountable and portable wheelchair platforms in Section 102, Section 104, Section 106, Section 107, Section 112, Section 113, Section 115, Section 117, Section 118, Section 116A, Section C-11, Section 112A, Section 107A, Section C-4, Section 103A, Section 232, Section 230, Section 228, Section 225, Section 221, Section 219, Section 217, Section 216, Section 214, Section 212, Section 209, Section 208, Section 205, Section 206, Section 201.

In the event that the ADAAG Standards change to permit less wheelchair seating than the current regulations and Defendants wish to remove any of the demountable and portable platforms in the above-referenced sections, Defendants must first seek relief from the Court to alter and amend this Order before removing any of the platforms.

IV.

COMPANION SEATING

Defendants agree that for every event at the FedEx Forum there shall be one companion seat for each wheelchair location designated in the FedEx Forum and for companion seats in Sections 104, 106, 107, 112, 113, and 115 only, Defendant will provide seating substantially similar to the patron seating on the floor for basketball games.

## V.

## ATTORNEY FEES AND EXPENSES

Defendants shall pay Plaintiffs a reasonable attorney's fee and expenses incurred in connection with this action. Specifically, the parties consent and stipulate that Plaintiffs' counsel is entitled to a reasonable attorneys fee in the amount of $46,125.00, reimbursement of expert fees paid to architect Mark Lichter in the amount of $6,326.05 and reimbursement of miscellaneous expense in the amount of $2,555.73.

## VI.

## SCOPE

It is agreed by the parties that the terms and conditions of this Order are binding on the parties, their assigns, lessees, heirs, and successors and any entity operating the FedEx Forum.

SO ORDERED:

JON P. McCALLA
UNITED STATES DISTRICT JUDGE

Date: _Dec. 15, 2005_

APPROVED AND CONSENTED TO:

_____
Donald A. Donati, Esq.
Attorney for Plaintiffs

_____
Sara Hall, Esq.
Attorney for Defendant City of Memphis, Tennessee

_____
Brian Kuhn, Esq.
Attorney for Defendant Shelby County, Tennessee

_____
Fred E. Jones, Jr., Esq.
Attorney for The New Memphis Public Building Authority of Memphis and Shelby County

_____
Willie Gregory
Chairman, of Memphis and Shelby County Sports Authority

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 132 in case 2:04-CV-02353 was distributed by fax, mail, or direct printing on December 16, 2005 to the parties listed.

John McQuiston
EVANS & PETREE
1000 Ridgeway Loop Rd.
Ste. 200
Memphis, TN 38120

Donald A. Donati
DONATI LAW FIRM, LLP
1545 Union Ave.
Memphis, TN 38104

Fred E. Jones
CITY ATTORNEY'S OFFICE-Memphis
125 N. Main Street
Ste. 314
Memphis, TN 38103

Sara L. Hall
CITY ATTORNEYS OFFICE
125 N. Main Street
Rm. 314
Memphis, TN 38103

William B. Ryan
DONATI LAW FIRM, LLP
1545 Union Ave.
Memphis, TN 38104

Robert L.J. Spence
SPENCEWALK, PLLC
One Commerce Square
Ste. 2200
Memphis, TN 38103

Heather Anne Kirksey
CITY ATTORNEYS OFFICE
125 N. Main Street
Rm. 314
Memphis, TN 38103

Fred E. Jones
CITY ATTORNEY'S OFFICE-Memphis
125 N. Main Street
Ste. 314
Memphis, TN 38103

Robert B. Rolwing
COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Ste. 660
Memphis, TN 38103

Carrie Clark Thomas
SPENCEWALK, PLLC
One Commerce Square
Ste. 2200
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT